```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER MOORE,

        Petitioner,
        -v-                                    OMNIBUS ORDER and
                                               ORDER TO SHOW CAUSE
                                               Case No. 03-cr-1342(2)(JS)

UNITED STATES OF AMERICA,

        Respondent.
----------------------------------X
APPEARANCES:
For Movant:            Christopher Moore, pro se
                       Reg. No. 68777-053
                       U.S.P. Pollock
                       P.O. Box 2099
                       Pollock, LA 71467

For Defendant:         Lara Treinis Gatz, Assistant U.S. Attorney
                       Office of the U.S. Attorney,
                       Eastern District of New York
                       610 Federal Plaza
                       Central Islip, New York 11722
```

SEYBERT, District Judge:

      Presently, Petitioner Christopher Moore ("Petitioner" or "Rodriguez") has two pending Section 2255 Motions before the Court, i.e., ECF No. 350 (hereafter, the "Davis Petition") and ECF No. 343 (hereafter, the "Miller Petition"; collectively, the "Petitioners"), together with a related motion. This Omnibus Order is entered to facilitate the resolution of the Petitions.[1]

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of this case. However, the Court also notes that, due to procedural rulings by the Circuit Court (see, e.g., ECF Nos. 342 (2d Cir. Mandate in Circuit Case No. 19-869), and ECF

1

## THE *MILLER* PETITION[2]

After the Second Circuit determined Moore's Miller Petition, premised upon Miller v. Alabama, 567 U.S. 460 (2012), and Montgomery v. Louisiana, 577 U.S. 190 (2016), was not a successive petition and that Moore did not require its permission to file it (see 2d Cir. Mandate (Circuit Case No. 19-869), ECF No. 342), on January 13, 2020, said Petition was transferred to this Court. (See Miller Petition, ECF No. 343.) Thereafter, the court[3] declined both to serve the Miller Petition upon the U.S. Attorney and to order the Government's response thereto, finding it facially untimely; however, it afforded Moore the opportunity to assert

---

No. 345 (2d Cir. Certified Order in Circuit Case No. 19-3401)) and related docketing issues, deciphering the lineage of Moore's Petitions has been challenging.

[2] Until November 3, 2020, all filings related to Moore's Miller Petition were filed in Civil Case, No. 13-cv-5478 (hereafter, the "Original Corresponding Case"), the civil case opened in conjunction with his original Section 2255 petition, which original petition (a) was denied, (b) Moore appealed, and (c) remains sub judice before the Second Circuit. (See Circuit Case No. 16-3715-cr.). This filing issue, which apparently caused some confusion, has been resolved with a separate corresponding civil case being opened for Moore's Miller Petition, i.e., Case No. 20-CV-5317. (Further, a notation has been posted in the Original Corresponding Case, No. 13-CV-5478, directing that all future filings regarding the Miller Petition be docketed only in this criminal case.)

[3] This case was originally assigned to Honorable Sandra J. Feuerstein, but was reassigned to the undersigned on May 6, 2021.

2

arguments in support of equitable tolling. (See ECF No. 344.[4])
Moore did so on October 5, 2020 (see ECF No. 346), as well as moved
to amend his Miller Petition "to include a claim for relief under
28 U.S.C. § 2241." (Amendment Motion, ECF No. 347 at 1.) No
action was taken in consideration of Moore's equitable tolling
response; nor was a decision rendered on his amendment motion.
(See Case Docket, in toto.)

## THE *DAVIS* PETITION[5]

Similarly, the Circuit Court reached the same conclusion
as to Moore's Davis Petition, i.e., since it is not considered
successive, Moore was not required to secure the Circuit's
permission to file it. (See 2d Cir. Mandate (Circuit Case No. 19-
3401), ECF No. 349.) Thus, on November 20, 2020, the Circuit
transferred Moore's Davis Petition, premised upon the Supreme
Court's ruling in United States v. Davis, 139 S. Ct. 2319 (2019),
to the district court. (See Davis Petition, ECF No. 350.) To
date, the Government has not been ordered to file a response. (See

---

[4] This Order (ECF No. 344 (SJF)) was initially docketed in the Original Corresponding Case at ECF No. 33.

[5] Because a prior corresponding civil case is pending, a second corresponding civil case for Moore's Davis Petition cannot currently be opened due to limitations in the Court's electronic docketing system. Since such case openings are done for Court statistical purposes only, the non-opening of a corresponding civil case in this instance has no effect on Petitioner's rights vis-à-vis his Davis Petition.

3

Case Docket, in toto; see also Rule 4(b) of the Rules Governing Section 2255 Proceedings.)

REQUESTS FOR APPOINTMENT OF COUNSEL

In his Miller Petition, Moore requests appointment of counsel to aid him. (See Miller Petition at ECF p. 15.) He also filed a motion on May 16, 2016, seeking appointment of counsel to assist him in filing his Miller Petition,[6] but which, in conjunction with its August 14, 202 Order declining to serve the Government with Moore's Miller Petition, the court denied as moot. (See ECF No. 344 at 1, 3, 4.) And, as he did in his Miller Petition, in his Davis Petition, Moore requested the appointment of counsel. (See Davis Petition at ECF p.14.) Moore's requests for counsel raised in his Petitions have not been addressed.

NOW, upon consideration of the procedural posture of this case with respect to Moore's Petitions, and so as to most efficiently proceed with the Petitions, **IT IS ORDERED**:

(1) As to Appointment of Counsel:

Moore's Miller Petition (ECF No. 343) is GRANTED in part to the extent **Attorney Richard Langone** is appointed to assist Moore with both his Petitions and, if necessary, to represent Moore for resentencing. In all other respects,

---

[6] See Original Corresponding Case, ECF No. 28.

4

the Court defers ruling upon the Miller Petition until it is fully briefed. To the extent Moore seeks the same relief pursuant to his Davis Petition (ECF No. 350), that portion of the Petition is DENIED as moot given the Court's ruling herein, with the Court deferring ruling on the balance of the Davis Petition pending completion of briefing;

(2) As to the *Miller* Petition:

(a) Moore's motion to amend his Miller Petition (ECF No. 347) is GRANTED such that by no later than August 13, 2021, Petitioner may:

   (i) amend his Miller Petition to add a § 2241 claim, if viable; and

   (ii) file a supplemental memorandum in support of his Miller Petition, including addressing the issue of equitable tolling;

(b) By no later than October 15, 2021, **the United States Attorney,** as counsel for the Government, shall **show case why the Miller Petition should not be granted and a writ of habeas corpus issue**; and

(c) By no later than November 19, 2021, Petitioner may file a reply, if any to the Government's show cause response; and

5

(3) As to the *Davis* Petition:

   (a) By no later than August 13, 2021, Petitioner may file a memorandum in support of his *Davis* Petition;

   (b) By no later than October 15, 2021, **the United States Attorney**, as counsel for the Government, shall **show cause why the *Davis* Petition should not be granted and a writ of habeas corpus issue**; and

   (c) By no later than November 19, 2021, Petitioner may file a reply, if any to the Government's show cause response.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  29 , 2021
Central Islip, New York